UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OLMER AUGUSTO GALAN CEVALLOS,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  2:26-cv-0288-DAD-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Olmer Augusto Galan Cevallos filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1). The petition, respondents' response to the petition and motion to dismiss, and petitioner's reply are before the court. (ECF Nos. 1, 9, 10.) For the reasons set forth below, the undersigned will recommend the petition be granted and respondents be ordered to provide Mr. Galan Cevallos a bond hearing before an Immigration Judge.

I.      Background

Under the petition's allegations, Mr. Galan Cevallos is a citizen of Ecuador has been residing in the United States since around June 15, 2005, when he entered without inspection after harm or threat by a gang in Ecuador. (ECF No. 1, ¶¶ 1, 11, 43.) On or around December 31, 2025, he was apprehended by Immigrations and Customs Enforcement ("ICE"). (Id., ¶ 2.) He alleges he remains in detention without the opportunity for a bond hearing under Matter of Yajure Hurtado,

1

29 I&N Dec. 216 (BIA 2025). (Id., ¶ 3.)

The petition brings the following four claims: (1) denial of a bond hearing in violation of the Immigration and Nationality Act ("INA"); (2) violation of the Administrative Procedure Act ("APA"); (3) due process violation; and (4) violation of the final order in Lazaro Maldonado Bautista et al. v. Ernesto Santacruz Jr. et al., No. 5:25-cv-01873, of which petitioner is a class member. (ECF No. 1 at 10-12.) Petitioner primarily seeks an order for a bond hearing before an immigration judge or, in the alternative, release. (Id., ¶ 7; ECF No. 10 at 12.)

In their response and motion to dismiss, respondents contend petitioner is ineligible for a bond hearing because he is an "applicant for admission" subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2). (ECF No. 9 at 2.) Because petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress, respondents argue, the petition should be denied. (Id. at 2.) Respondents also ask the court to hold the matter in abeyance pending the Ninth Circuit's resolution of Rodriguez v. Bostock, 779 F.Supp.3d 1239, 9th Cir. Docket No. 25-6842.

**II.      Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Relevant here, "in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds." Nadaraja v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006); accord Flores-Torres v. Mukasey, 548 F.3d 708, 713 (9th Cir. 2008) (holding "the district court has jurisdiction over Torres's habeas petition challenging his detention" in ICE custody).

**III.     Discussion**

Petitioner alleges he is subject to detention under 8 U.S.C. § 1226(a). (ECF No. 1, ¶ 6.) Respondents assert petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). "Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to

2

contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

It is undisputed that petitioner entered the United States without inspection around 2005 and has resided in the country since then.[1] "Numerous district courts have held that § 1226, rather than § 1225, applies to individuals who were physically present in the United States for some period of time before they were detained by ICE." Gutierrez v. Chesnut, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); see also Singh v. Bondi, et al., No. 1:26-cv-0490 DAD DMC, 2026 WL 221373, at *2 (E.D. Cal. Jan. 28, 2026) ("[B]ecause petitioner resided in the United States from 2013 to December 11, 2025 when he was re-detained, respondents' assertion that petitioner is subject to mandatory detention under § 1225(b)(2) is unsupported."). The reasoning of those cases is persuasive. See also Castañon-Nava v. U.S. Dep't of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)"); but see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (holding individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)).

The court finds petitioner is currently detained pursuant to 8 U.S.C. § 1226(a). Section 1226(a) expressly authorizes release on bond, and its authorizing regulations provide for immigration judges to convene bond hearings. After arresting a noncitizen, the government "may continue to detain the arreste[e]" until a final removal decision is made or "may release" them on "bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)-(2). If a noncitizen wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, respondents are violating the INA, as codified at 8 U.S.C. § 1226(a), by detaining petitioner without a bond hearing. Habeas relief is warranted on petitioner's statutory claim.

---

[1] The record contains no indication petitioner was arrested or placed in immigration custody at or near the time he entered the United States.

Petitioner alternately requests relief in the form of release or a bond hearing where DHS bears the burden of establishing he is a flight risk or a danger to the community. (ECF No. 1 at 12.) Petitioner provides no authority showing he is entitled to an order of release. Considering § 1226(a)'s discretionary detention framework, and the absence of any prior release on bond pursuant to § 1226(a), an order directing respondents to provide a bond hearing is the appropriate remedy. See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. 2025) (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)[.]").

Petitioner also does not provide any authority to place the burden of establishing flight risk or danger to the community on the government. Finding no authority to do so, the undersigned will recommend respondents be ordered to provide a bond and custody redetermination hearing within 7 days where petitioner bears the burden of establishing that he is not a flight disk or a danger to the community. See Rodriguez Diaz v. Garland, et al., 53 F.4th 1189, 1210-11 (9th Cir. 2022) (holding that § 1226(a), which places the burden of proof on the detainee at a bond hearing, is constitutionally adequate); J.S. v. Wofford, No. 1:25-CV-02016 DC SCR, 2026 WL 125258, at *8 (E.D. Cal. Jan. 16, 2026), report and recommendation adopted, No. 1:25-CV-02016 DC SCR (HC), 2026 WL 297304 (E.D. Cal. Feb. 4, 2026).

Thus, petitioner is entitled to habeas relief in the form of a bond hearing on his first claim asserting a violation of the INA. In light of this determination, the court need not address petitioner's other claims seeking the same relief in the form of a bond hearing. See Nw. Austin Mun. Util. Dist. No. One v. Holder, 557 U.S. 193, 205 (2009) ("normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case") (citations omitted); Diaz v. Noem, No. 1:26-CV-00066-JLT-CDB (HC), 2026 WL 323257, at *10 (E.D. Cal. Feb. 6, 2026), report and recommendation adopted, No. 1:26-CV-00066 JLT CDB (HC), 2026 WL 487496 (E.D. Cal. Feb. 20, 2026) (declining to resolve the issue of the enforceability of the Maldonado Baustista judgment given that petitioners were entitled to relief

on § 1226(a) statutory claim); <u>Echevarria v. Bondi</u>, No. CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *10 (D. Ariz. Oct. 3, 2025) (declining to reach APA claim after finding a violation of 8 U.S.C. § 1226(a)).

As to petitioner's request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), petitioner may bring any request for fees and costs by separately noticed motion should the assigned district judge adopt these findings and recommendations.

The court's adoption of these findings and recommendations would resolve the pending habeas petition on its merits, and no further briefing is necessary. Accordingly, respondents' request for a stay pending the resolution of <u>Rodriguez</u>, 779 F.Supp.3d 1239, should be denied, and the court should grant the petition.

**IV.    Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.   Respondents' motion to dismiss (ECF No. 9) be denied.

2.   The petition for writ of habeas under 28 U.S.C. § 2241 (ECF No. 1) be granted.

3.   Respondents be ordered to provide Mr. Galan Cevallos a bond hearing before an Immigration Judge within seven (7) days of adoption of these findings and recommendations, and to file notice certifying compliance within (3) three days of the bond hearing.

4.   Judgment be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be

/////

/////

/////

/////

filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 5, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 gala0288.mer