UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OLMER AUGUSTO GALAN CEVALLOS,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 2:26-cv-00288-DAD-CKD (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

(Doc. Nos. 9, 11)

Petitioner Olmer Augusto Galan Cevallos is a federal immigration detainee proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 5, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 11.) Specifically, the assigned magistrate judge found that petitioner is detained pursuant to 8 U.S.C. § 1226(a) and accordingly entitled to a bond hearing under that section. (*Id.* at 1–2.) On this basis, the magistrate judge recommended denying respondents' motion to dismiss (Doc. No. 9) and ordering that respondents provide petitioner with a bond hearing within seven (7) days. (Doc. No. 11 at 5.) The pending findings and recommendations were served on the parties and

1

contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.*)  To date, no objections have been filed by the parties and the time in which to do so has passed.

In their response to the petition for writ of habeas corpus, respondents argue only that petitioner is subject to detention pursuant to 8 U.S.C. § 1225. (Doc. No. 9 at 1–2.)  The court adopts the magistrate judge's reasoning in rejecting this argument.  (Doc. No. 11 at 3.)  However, in addition, respondents have failed to identify any other statutory provision under which petitioner may be legally detained.  The court therefore finds that petitioner has demonstrated that his detention pursuant to 8 U.S.C. § 1225 is unlawful and that respondents have not demonstrated that his continued detention is authorized by statute.  The court concludes that the appropriate remedy is the immediate release of petitioner.  *See Cardenas v. Chestnut*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871, at *1 (E.D. Cal. Mar. 20, 2026) (ordering immediate release of the petitioner where the respondent failed to identify an applicable detention statute to justify the petitioner's detention); *see also Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) ("Given that the government does not assert any other basis for petitioner's detention and does not argue that petitioner presents a flight risk or danger, the appropriate remedy is petitioner's immediate release.").

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.

For the reasons above.

1.    The findings and recommendations issued on March 5, 2026 (Doc. No. 11) are ADOPTED IN PART;

2.    Respondents' motion to dismiss (Doc. No. 9) is DENIED;

3.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondents are ORDERED to immediately release petitioner Olmer Augusto Galan Cevallos, A-221-492-281, on the conditions he was subject to, if any, prior to his detention on December 31, 2025;

b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner absent exigent circumstances without providing petitioner notice and a pre-detention hearing before an immigration judge, at which the applicable burden will be pursuant to 8 U.S.C. § 1226(a);

4. The Clerk of the Court is directed to serve this order on California City Detention Facility;

5. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **April 3, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3